(64 Misc. Rep. 104.)

PEOPLE ex rel. BRENNAN v. HAYES, Warden, et al.

(Supreme Court, Special Term, New York County. June, 1909.)

1. PARDON (§ 14*)—COMMUTATION OF SENTENCE.

Laws 1886, p. 30, c. 21, § 14, provides that the Governor shall, in commuting the sentences of convicts, annex a condition that if any convict shall, between the date of discharge by reason thereof and the expiration of the full term of his sentence, be convicted of a felony, in addition to the penalty which may be imposed therefor, he shall be compelled to serve the remainder of the term without commutation which he would have been compelled to serve but for the commutation. *Held* that, after a second sentence on such conviction, the unserved portion of the first sentence, which the Governor cannot commute, is prefixed to and must be served before the second begins to run.

[Ed. Note.—For other cases, see Pardon, Dec. Dig. § 14.*]

2. PARDON (§ 14*)—COMMUTATION OF SENTENCE.

A condition of commuting a prisoner's sentence, that on violation of a condition he would be required to serve the remainder of the term without commutation, can lawfully be imposed.

[Ed. Note.—For other cases, see Pardon, Cent. Dig. §§ 30, 31; Dec. Dig. § 14.*]

Application by the People, on the relation of Matthew T. Brennan, against Patrick Hayes, as Warden of the State Prison, and Thomas F. Foley, as Sheriff, etc., for discharge from imprisonment. Application denied, and relator remanded.

Henry J. Goldsmith, for the application.

William Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), opposed.

GIEGERICH, J. The relator applies for a discharge from imprisonment in the penitentiary, and the application is submitted upon an agreed statement of facts. On October 12, 1888, the relator was duly convicted of the crime of forgery in the second degree, and was sentenced to imprisonment in the State Reformatory, to be dealt with according to law. He was received at that institution on October 19, 1888, and became liable to serve the maximum sentence of 10 years,

to be calculated from that day. On November 25, 1891, he was duly transferred to the State Prison at Auburn. On December 19, 1892, he was liberated under a commutation by the Governor, which was granted upon the express condition that, if the relator should be thereafter convicted of any felony committed during the period between the date of his discharge and the date of the expiration of the full term thereby commuted, he should be deemed an escaped convict with respect to the said commuted term, and, in addition to the penalty which might be imposed for the felony committed during the interval aforesaid, should be compelled to serve the portion of the term thereby commuted then remaining unserved, without deduction or commutation for good behavior. He thus served 4 years 2 months and 1 day, and the portion of his term remaining unserved was 5 years 9 months and 29 days. On February 19, 1894, the relator was again convicted of forgery in the second degree, and was sentenced to imprisonment for the term of 10 years. He was received in the State Prison under this conviction on February 27, 1894, and his sentence of 10 years, together with the 5 years 9 months and 29 days unserved of the former sentence, would have extended to December 25, 1909. On December 23, 1903, the relator was again released upon a commutation by the Governor, which was granted upon the same express condition as the previous commutation. He had thus served 9 years 9 months and 27 days, and the portion of his term remaining unserved was 6 years and 2 days. On November 1, 1904, the relator was convicted of a felony, and was sentenced to imprisonment for 1 year. He is still in prison, and claims to be entitled to a discharge on the ground that he has served all the time required by law.

If to the 1 year of the last sentence there be added the 6 years and 2 days unserved of the last previous term, the present term of imprisonment would not expire until November 3, 1911, unless the relator becomes entitled to commutation for good behavior on the sentence of 1 year. The relator claims, however, that as he was only sentenced to 10 years on his second conviction, and as he remained in prison 9 years 9 months and 27 days under that conviction, and was entitled, as he says, to 3 years and 6 months' commutation for good behavior, he had fully served his second sentence at the time of the second commutation, and was at that time serving the additional term of 5 years, 9 months and 29 days left unserved upon his first commutation, and that he had served 3 years 3 months and 28 days of that additional term, leaving 2 years 6 months and 1 day thereof still to be served. As he claims that he has served more than 3 years 6 months and 1 day under his last conviction and sentence of 1 year he demands his release. The trouble with the relator's contention is that it rests, first, upon the assumption that he was entitled to commutation for good behavior, as to which there is no evidence; and, secondly, upon the proposition that the Governor commuted, not the second sentence, but the unserved portion of the first, which he had no authority to do. Laws 1886, p. 30, c. 21, § 14.

The statute in question reads as follows:

"Sec. 14. The Governor shall, in commuting the sentences of convicts as provided for in this act, annex a condition to the effect that if any convict so

commuted shall, during the period between the date of his or her discharge by reason of such commutation and the date of the expiration of the full term for which he or she was sentenced, be convicted of any felony, he or she shall, in addition to the penalty which may be imposed for such felony committed in the interval as aforesaid, be compelled to serve in the prison or penitentiary in which he or she may be confined for the felony for which he or she is so convicted the remainder of the term without commutation which he or she would have been compelled to serve but for the commutation of his or her sentence as provided for in this act."

It will be observed that the statute expressly provides that the "remainder of the term" shall be served "without commutation," thereby expressly withdrawing from the Governor's power of commutation such remainder of the term, and limiting such power to the period of the new sentence. This argument of the relator, as he frankly admits, leads to the conclusion that he could not have been lawfully discharged from his second imprisonment until he had fully served the term of 5 years 9 months and 29 days after the expiration of his second sentence. Stated in another way, the relator's argument, as I understand it, is as follows: The relator was sentenced to 10 years' imprisonment upon his second conviction. That sentence might or might not be commuted. It must be served either in full or as shortened by commutation. In any case, the sentence, shortened or not, as the case may be, must be served immediately following the imprisonment, and any additional time for forfeited commutation on a prior sentence must be added to the sentence proper, and can only be served at the end of the term of imprisonment, not at its beginning. The sentence is the only part of the term that can be commuted. Therefore, as the relator was only sentenced to 10 years' imprisonment upon his second conviction, and had been in prison for 9 years 9 months and 27 days at the time of the commutation, there was only 2 months and 3 days of the sentence left, and which could be the subject of commutation, disregarding his claim to 3 years and 6 months' commutation for good behavior.

Upon this theory, his term of imprisonment under his third conviction and sentence of 1 year could not exceed 1 year 2 months and 3 days; for he claims that the term of 5 years 9 months and 29 days unserved upon his first term and added to his second term cannot again be added to his third term, although he was erroneously relieved from serving out that portion of his second term. An examination of the terms of the second commutation shows that a different construction of the statute was adopted by the Governor, who commuted the term, in so many words, to 3 years 11 months and 28 days, commencing from December 26, 1899, thus assuming that the forfeited commutation of the first term had been fully served at the commencement of the second term, which began on February 27, 1894. To put the matter another way, the relator's second term began February 27, 1894. His forfeited commutation of 5 years 9 months and 29 days would come down to December 26, 1899. It was at this date that the Governor deemed that the prisoner began to serve his 10-year sentence. Such 10-year sentence was commuted, as expressly stated in the commutation, to a term of 3 years 11 months and 28 days, thus reaching down to December 23, 1903, which was the day of his

discharge. It is thus manifest that the Governor, in arriving at the period of 3 years 11 months and 21 days and the date December 26, 1899, must have acted on the theory that the forfeited commutation of the prior sentence must be served, and had been served, before the prisoner was to be credited with any service on the term of the new sentence. The construction of the statute urged by the relator, namely, that the old, unexpired, or unserved term is to be an addition, which can only be added at the end of, and not prefixed to, the beginning of the new term, is clearly opposed to that adopted by the executive department of this state in actual practice, and does not impress me as either a necessary or a reasonable construction. It would require every prisoner who had forfeited a previous commutation to remain in prison for the full term of that forfeited commutation after the commutation of his subsequent sentence, upon the theory that the service of that part of his term cannot be considered to have commenced until the sentence proper has been first served or commuted.

In this view there is no force in the relator's contention that the third conviction did not occur during the period between the date of his discharge under the former conviction by reason of commutation by the Governor and the expiration of the full term for which he was sentenced. On the contrary, as above shown, the Governor, in commuting the second sentence to a term of 3 years 11 months and 28 days, deemed that the relator began to serve his 10-year sentence on December 26, 1899, and thus, when he was discharged on December 23, 1903, there was left a term of 6 years and 2 days to be served without commutation in case he was again convicted of a felony between the said last-mentioned date of his discharge by reason of such commutation and the date of the expiration of the full term for which he was sentenced, which, as already shown, would have been on December 25, 1909. The third conviction took place on November 1, 1904, and hence it was within the period above mentioned. The relator accepted both commutations with full knowledge that upon a violation of their conditions he would be required to serve the remainder of the terms under the respective sentences without commutation. That such a condition can be lawfully imposed is sustained by authority. In People v. Potter, 1 Parker, Cr. R. 47, the Governor granted a conditional pardon, the condition being banishment from the United States, and upon a breach of the condition Mr. Justice Edwards held that this left the original sentence in full force, and he concluded with these words (page 66):

"The authority of the law is not imperfect; but in criminal as well as civil proceedings it may be invoked to enforce the dictates of common sense and the obligation of good faith."

The relator was last convicted in New York county, and sentenced to a year in the penitentiary. Under the statutory provisions above referred to, and which have been incorporated in section 243 of the prison law (chapter 47, Laws 1909), the period remaining unserved under the second conviction must be served without commutation in that institution. The relator was received in the penitentiary on November 1, 1904, and he must accordingly be detained there until he has

served both his sentence of 1 year and the period of 6 years and 2 days forfeited under the terms of the second commutation, thus making his present term of imprisonment expire on November 3, 1911, unless he earns commutation on the sentence of 1 year by reason of good behavior.

The application must therefore be denied, and the relator remanded.